**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 2, 2016**

# In the Court of Appeals of Georgia

A16A0531. MORGAN v. THE STATE.                         PE-019C

PETERSON, Judge.

Randy J. Morgan, Jr., convicted of one count of child molestation, appeals from the denial of his motion for a new trial. Morgan argues that the trial court erred by excluding the victim's prior false claim of molestation against her stepfather and by prohibiting Morgan from examining witnesses about the side effects of the victim's medication. We affirm because the victim's prior complaint against her stepfather was not determined to be false and because Morgan failed to secure the necessary witness(es) to provide the desired testimony.

"On appeal, the evidence must be viewed in the light most favorable to support the verdict, and the appellant no longer enjoys a presumption of innocence." *Culver v. State*, 230 Ga. App. 224, 224 (496 SE2d 292) (1998) (citing *Williams v. State*, 228

Ga. App. 698, 699 (1) (492 SE2d 708) (1997)). So viewed, the evidence shows that Morgan, who was married to the victim's cousin, brought his young son with him to pick the victim up at her home one evening so that she could spend the night. During that car ride, Morgan gave the victim, who was fourteen years old at the time, some alcohol to drink in the car. When they arrived at Morgan's house, Morgan put his son to bed; Morgan's wife was working late. Morgan and the victim sat on the couch and watched a movie together, and the victim drank an alcoholic drink Morgan made her. At one point, Morgan got up to go check on his son. When he returned, he sat on the victim's legs and buttocks, unclasped and reclasped her bra, and rubbed her back. Morgan also encouraged the victim to drink more, which she did, causing her to feel sleepy. Morgan then pulled down her pants, and slid his penis between her legs against her genitals. When he finished, the victim felt some wetness on her. The next day when the victim returned home, she told her mother of the incident. The victim's mother brought her to the hospital, where vaginal swabs revealed a partial DNA profile that nonconclusively matched Morgan,[1] and a physical examination revealed some redness and swelling to the victim's genitals.

---

[1] The DNA profile could match one out of every 100 Caucasians and one out of every 900 African Americans. Morgan is Caucasion. No semen was collected from the victim's underwear.

Prior to the trial, Morgan moved to admit evidence that the victim had previously made a molestation allegation against her stepfather. Morgan argued that the allegation constituted a prior false report of a sexual crime and thus should be admissible. The State argued that the investigation showed the alleged activity had actually occurred but was simply not prosecuted because, as a matter of law, it was determined not to constitute molestation. The trial court held a hearing at which the investigator of that previous incident testified that the victim had made a report to her school counselor. Specifically, the victim stated that her stepfather had put his hand down the back of her pants in an effort to retrieve a cigarette he had dropped, and that he would often touch or rub his private area in front of her. The investigator also testified that the victim's mother had witnessed and substantiated the victim's allegations against her stepfather. During cross-examination, the investigator further testified that while his investigation revealed the underlying facts to be true, the facts did not constitute molestation. The trial court excluded the evidence, finding that although the alleged activity may not have been legally sufficient to support a charge for child molestation, there was not a reasonable probability that the accusation had actually been false.

After opening statements, the State made a motion in limine to exclude reference to prescription drugs the victim was taking, arguing lack of relevance and probative value. Morgan responded that, although he did not expect to present testimony of an expert witness about the side effects of the medications, he intended to cross-examine the State's witnesses about whether one of the drugs the victim was taking could cause abnormal hormone changes and vaginal redness; in particular, he intended to cross-examine a doctor on the State's witness list. The prosecutor responded that he did not intend to call the doctor as a witness. Absent a witness who had the requisite training, background, and expertise to render an opinion on the topic, the trial court indicated it would grant the State's motion in limine.

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Gautreaux v. State*, 314 Ga. App. 103, 106 (2) (722 SE2d 915) (2012).

1. Morgan argues that the trial court erred by excluding the victim's false claim of molestation against her stepfather. We disagree.

The Rape Shield Statute, codified at OCGA § 24-4-412, provides that in prosecutions for child molestation "evidence relating to the past sexual behavior of the complaining witness shall not be admissible, either as direct evidence or on cross-examination of the complaining witness[.]" OCGA § 24-4-412. But such evidence

may be admissible to show "the victim's lack of credibility where the victim has made prior false allegations of child molestation." *Berry v. State*, 235 Ga. App. 35, 37 (2) (508 SE2d 435) (1998) (citation omitted). The reason for this exception to the Rape Shield Statute is that the "evidence does not involve the victim's past sexual conduct but rather the victim's propensity to make false statements regarding sexual misconduct." *Smith v. State*, 259 Ga. 135, 137 (1) (377 SE2d 158) (1989). However, "before such evidence can be admitted, the trial court must make a threshold determination outside the presence of the jury that a reasonable probability of falsity exists." *Id.* (citation and punctuation omitted).

Here, the trial court heard argument from the parties about whether the victim's prior allegations against her stepfather were false and took testimony from the investigator who spoke with the victim's mother. The trial court determined that the facts the victim had alleged were indeed true, as they were verified by an independent witness (the victim's mother), and therefore excluded the evidence. At its core, Morgan's argument is that the victim lied because she attached an incorrect legal term to the true facts she alleged. But there is no evidence in the record that she actually applied the label of "molestation" to these allegations. Rather, during cross-examination, Morgan's trial counsel attempted to put this precise characterization into

5

the investigator's mouth. Even if the victim had used the term "molestation" to describe the allegations involving her stepfather, a victim's imprecise use of legal terminology does not render truthful allegations false. Therefore, the trial court did not abuse its discretion by excluding the testimony. *See, e.g.*, *Williams v. State*, 266 Ga. App. 578, 625 (1) (597 SE2d 621) (2004).

2. Morgan next argues that the trial court erred and denied him his constitutional right to confrontation by excluding any reference to the side effects of the victim's medication. Again, we disagree.

The trial court heard argument on the State's motion in limine to exclude reference to the victim's use of certain psychiatric medication. Morgan argued that he intended to cross-examine a doctor on the State's witness list about the side effects of the drug, and specifically whether the drug could have caused the vaginal redness observed on the victim. The State indicated that the only healthcare professionals that were going to be called at trial were a sexual assault nurse who examined the victim and a state crime lab witness who could testify about the DNA. The trial court did not completely bar Morgan's desired testimony, but stated that he would need a witness qualified to render an opinion. Morgan did not attempt to qualify the sexual assault

nurse as such an expert during questioning and did not introduce any other witnesses for this purpose.[2]

"As we have long held, a party will not be heard to complain of error induced by his own conduct, nor to complain of errors expressly invited by him." *Affatato v. Considine*, 305 Ga. App. 755, 758 (1) (700 SE2d 717) (2010) (citation and punctuation omitted). Here, Morgan failed to secure a witness qualified to render the desired testimony. And while he argues, in hindsight and on appeal, that the sexual assault nurse would have been qualified to give testimony on the side effects of the medication, he made no attempt to demonstrate her qualifications at trial. He cannot now complain of an error of his own making.

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur*.

---

[2] We also note that Morgan argues he should have been able to cross examine the victim as to the side effects of her medication. This argument was not made at trial or addressed by the trial court, and therefore we decline to entertain it here. *See Knight v. State*, 311 Ga. App. 367, 368 (2) (715 SE2d 771) (2011).