**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

April 19, 2018

# In the Court of Appeals of Georgia

A18A0227. BURNS v. THE STATE.

PER CURIAM.

This appeal arose from a granted application for interlocutory review wherein James Phillips Burns challenged the trial court's grant of the State's motion in limine to exclude evidence that the alleged victim had previously made a false accusation of sexual abuse against another individual. Because we conclude that the trial court erred, we reverse the trial court's order granting the motion in limine and remand the case.

The record shows that in December 2015, Burns's wife discovered that her daughter, Burns's stepdaughter, had sent a friend a one-paragraph Twitter message about a sexual incident that she had with Burns the previous July. Toward the end of the paragraph, the victim stated, "And my brother's best friend tried to rape me."

Burns's wife contacted law enforcement, and an investigation ensued. When asked about the time her brother's best friend tried to rape her during a forensic interview, the stepdaughter replied, "Oh, I just made that up." She explained that she did not know why she said it and suspected that she was high on marijuana at the time. When the police interviewed Burns's wife, she also stated that her daughter told her she just made up the story. Burns was charged with committing aggravated sexual battery, aggravated sodomy, and incest upon his stepdaughter.

The State filed a motion in limine, based on the rape shield statute. During the hearing on the motion, defense counsel agreed that evidence of the victim's past sexual behavior was inadmissible but indicated that he intended to introduce evidence that the stepdaughter had admittedly falsely accused another person of sexual misconduct. Citing *Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989), defense counsel argued that such evidence did not implicate the rape shield statute and was admissible as pertaining to the stepdaughter's credibility and to Burns's right to confront her as a witness called against him.

After the hearing, the trial court concluded that the prior accusation is inadmissible under OCGA § 24-4-403. Specifically, the court ruled,

As a statement made and disavowed, it is a false statement. The Court must, however, further evaluate the statement under the appropriate rules of evidence. The statement the defendant seeks to admit amounts to an aside in [a] much longer paragraph and was immediately disavowed by the victim upon questioning. The statement sought to be introduced lacked specificity does not have significant probative value for a fact finder otherwise charged with determining whether the claims of the victim against the defendant are true. [ ] Thus, the Court finds that the probative value of the statement in question is substantially outweighed by the danger of unfair prejudice and confusion of the issues and is inadmissible under OCGA § 24-4-403.

Burns filed an application for interlocutory appeal, which we granted, and this appeal followed. Burns challenges the trial court's conclusion that the prior false allegation is inadmissible under OCGA § 24-4-403, insisting that its probative value is not substantially outweighed by the danger of unfair prejudice or confusion of the issues. He also contends that the allegation is admissible under OCGA § 24-6-608.

1. At the outset, we point out that the parties correctly concluded that evidence of the admittedly false accusation is not barred by the rape shield statute. That Code section pertinently provides that, in prosecutions for certain sexual offenses, "evidence relating to the *past sexual behavior* of the complaining witness shall not be admissible, either as direct evidence or on cross-examination of the complaining

3

witness or other witnesses." OCGA § 24-4-412 (a) (emphasis supplied). In *Smith v State*, 259 Ga. 135, our Supreme Court concluded that the rape shield did not bar evidence of the victim's alleged false allegations of sexual misconduct by persons other than the defendant, finding persuasive the reasoning of other jurisdictions that "[such] evidence does not involve the victim's past sexual conduct but rather the victim's propensity to make false statements regarding sexual misconduct." Id. at 136-137 (1).[1] The Court went on to instruct, however, that "before such evidence can be admitted, the trial court must make a threshold determination outside the presence of the jury that a reasonable probability of falsity exists." Id. at 137-138 (1) (citation and punctuation omitted). See also *Morgan v. State*, 337 Ga. App. 29, 31 (1) (785 SE2d 667) (2016). The language set forth in the order[2] in this case shows that the trial court made the required threshold determination. Accordingly, the contested evidence is not barred by the rape shield statute.

_____

[1] Although *Smith* was decided under the old Evidence Code, cases such as *Morgan v. State*, 337 Ga. App. 29, 31 (1) (785 SE2d 667) (2016), indicate that *Smith's* holding remains intact under Georgia's new Evidence Code. See *Morgan*, 337 Ga. App. at 31 (1), quoting *Smith*, 259 Ga. 135.

[2] In its order, the trial court stated, "As a statement made and disavowed, it is a false statement." Also, at the hearing, the trial judge remarked, "[U]nder the *Smith* test, there's no dispute, the State doesn't dispute that it's a false statement."

2. Burns asserts as error the trial court's conclusion that the "probative value of the statement in question [was] substantially outweighed by the danger of unfair prejudice and confusion of the issues and is inadmissible under OCGA § 24-4-403." That Code provision does allow for the exclusion of relevant evidence when the probative value of the evidence is substantially outweighed by the concerns referenced by the trial court. Our Supreme Court has explained, however, that OCGA § 24-4-403 should be used "only sparingly" because it permits the exclusion of concededly relevant evidence. *Olds v. State*, 299 Ga. 65, 70 (2) (786 SE2d 633) (2016). Furthermore, under the principles recognized in *Smith*, this exclusionary rule must yield to greater constitutional concerns. There, our Supreme Court considered the State's argument that even if the rape shield statute did not prohibit testimony that the victim had falsely accused other men of sexual misconduct, such evidence was barred by other evidentiary rules (relating to the manner in which a victim's character and general reputation for veracity could be attacked). *Smith*, 259 Ga. at 137 (1). The *Smith* Court rejected that argument on constitutional grounds, noting that a majority of the jurisdictions had determined that the evidentiary rules (preventing evidence of a specific act of untruthfulness) "must yield to the defendant's right of confrontation and right to present a full defense." Id.

5

Burns maintains that because there is no forensic or DNA evidence in this case, his defense will rest largely on the degree to which the factfinder determines that the stepdaughter lacks credibility. It is well settled that the right of confrontation includes allowing the cross-examiner "to impeach, *i.e.*, discredit, the witness" called against him. *Davis v. Alaska*, 415 U. S. 308, 316-318 (94 SCt 1105, 39 LEd2d 347) (1974) (defense counsel should be permitted "to expose to the jury the facts from which the jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness"). Here, the trial court excluded evidence of the stepdaughter's false accusation because it concluded that the evidence "lacked specificity" and created "unfair prejudice and confusion of the issues." It is not clear, however, how a false accusation could contain adequate specificity about an incident that never occurred. And it does not seem that evidence of an allegation against a totally unrelated third party presents "danger of unfair prejudice [or] confusion of the issues" in this prosecution against one defendant, for sexual acts committed on one day, against one individual. See *Smith*, 259 Ga. at 137 (1) (noting that evidence of the victim's prior false allegations about sexual misconduct of men other than the defendant involved "the victim's propensity to make false statements regarding sexual misconduct"); see also *Olden v. Kentucky*, 488 U. S. 227, 232 (109 SCt 480,

102 LE2d 513) (1988) (explaining that speculation that jurors would be biased by evidence of witness's interracial relationship did not justify exclusion of evidence having the potential to demonstrate falsity of witness's testimony). Given these circumstances, exclusion of the contested evidence at this preliminary stage was erroneous.

3. Next, Burns asserts that the prior false allegation is also admissible under OCGA § 24-6-608 (b), which provides that

> [s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than a conviction of a crime as provided in Code Section 24-6-609, or conduct indicative of the witness's bias toward a party may not be proved by extrinsic evidence. Such instances may however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness: (1) Concerning the witness's character for truthfulness or untruthfulness[.]

Burns's assertion aligns with the constitutional concerns discussed above, as set forth in *Smith*, 259 Ga. at 137 (1).

In sum, the contested evidence should not have been barred either by the rape shield statute or by OCGA § 24-4-403, and the erroneous exclusion of such evidence has been ruled reversible – even where other evidence of the victim's reliability (or

7

lack thereof) was presented to the jury. See, e.g., *Smith*, supra at 137-138 (1) (sexual offense convictions reversed because prior false allegation should have been admitted even though other evidence of victim's untruthfulness was admitted). See also *Benton v. State*, 265 Ga. 648, 650 (5) (461 SE2d 202) (1995) (reversing defendant's convictions of incest and other felonies committed upon 16-year-old stepdaughter, where convictions were supported largely by the victim's testimony, yet evidence – that the victim had alleged sexual misconduct against another man, then recanted that allegation – was erroneously excluded). Accordingly, the grant of the State's motion in limine is reversed, and this case is remanded.

*Judgment reversed and case remanded. Division Per Curiam. All Judges concur.*