A91A0306. SHELTON v. THE STATE.
(405 SE2d 123)

BANKE, Presiding Judge.
The appellant was convicted of rape, statutory rape, incest, and child molestation. The incest conviction was, however, merged with the statutory rape conviction for sentencing. In a prior appearance of

the case before this court, we held that the trial court erred in excluding certain purported evidence that the victim had previously falsely accused another person of raping her, without having first made a threshold determination that no reasonable probability of falsity existed. See *Shelton v. State*, 196 Ga. App. 163 (395 SE2d 618) (1990). See generally *Smith v. State*, 259 Ga. 135 (1) (377 SE2d 158) (1989). However, we held that the error could be cured by a post-trial hearing on this issue and accordingly remanded the case to the trial court for such a hearing. Based on the evidence introduced at that hearing, the trial court determined that no reasonable probability of falsity existed and adhered to its original ruling excluding the evidence. The case is now before us on appeal from that ruling. *Held*:

The appellant called three witnesses to testify at the hearing. The first was Rondell Tinker, a 17-year-old cousin of the victim. He testified that the victim's sister, Sherry Shelton Wilson, had accused him of raping the victim and that when this story began circulating at his school, he confronted the victim about the matter and told her that if she did not change her story he "was going to hit her, going to belt the crap out of her." He testified that the victim made no response to this threat but did not seem surprised by it.

The second witness was Doris Shelton, who was the appellant's sister-in-law and the victim's aunt. She stated that when she heard about the accusation regarding Tinker, she confronted the victim about it and that "she [the victim] said he [Tinker] did [it]." She testified that the following exchange then took place between them: "And I says, 'What did you mean,' and she says, 'He throwed me down and he tried to take my blouse off me.' And I said, 'Did he tear it,' she says, 'No.' I said, 'Well, what do you mean rape,' she said 'He got grass stains on my pants.' And I said, 'Did he do anything to you, did he get your pants off of you.' And she says, 'No.' And I said, 'And you call that rape,' and she says, 'Sherry [her sister] is the one that put the rape to it.' "

The appellant also called Sherry as a witness. She testified that the victim had come running back from Tinker's house crying, with her shirt ripped and dirty, and that when she asked her what had happened, the victim responded that Tinker had tried to take her shirt off. Sherry further testified that the victim never actually told her that Tinker had raped her or tried to rape her.

Based on the foregoing testimony, we hold that the trial court did not abuse its discretion in concluding that there was "no reasonable probability" that the victim had falsely accused Tinker of raping her. Accordingly, we hold that the trial court did not err in adhering to its original ruling excluding this evidence.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED APRIL 3, 1991.

*John R. Emmett, Hill & Henry, Wm. Ralph Hill, Jr.*, for appellant.

*Ralph Van Pelt, Jr., District Attorney, Scott K. Camp, Assistant District Attorney*, for appellee.