306 Ga. 117
FINAL COPY

S18G1354.  THE STATE v. BURNS.

BENHAM, Justice.

In *Smith v. State*, 259 Ga. 135 (1) (377 SE2d 158) (1989), this Court held that, once certain procedural requirements are satisfied, a defendant in a sexual offense prosecution may adduce evidence at trial that the complaining witness has made prior false accusations of sexual misconduct and, further, that such evidence is admissible both to attack the credibility of the victim and as substantive evidence tending to prove that the conduct underlying the charges did not occur.  In its decision below, the Court of Appeals followed *Smith* to reverse the trial court, which had excluded such evidence from being presented during trial under OCGA § 24-4-403.  See *Burns v. State*, 345 Ga. App. 822 (813 SE2d 425) (2018).  We subsequently granted certiorari review to reconsider *Smith*, and, though we conclude that it was wrongly decided, we affirm the ultimate judgment of the Court of Appeals reversing the trial court.

Appellee James Phillip Burns was charged with aggravated sexual battery, aggravated sodomy, and incest. The charges followed the discovery of a social media message written by Burns's stepdaughter, K. R., detailing an alleged July 2015 sexual encounter with Burns. The message also included the following statement: "And my brother's best friend tried to rape me." K. R. later acknowledged that the attempted rape statement was "made up," and the State moved in limine to prevent Burns from mentioning it at trial. The trial court granted the State's motion, concluding "that the probative value of the statement in question is substantially outweighed by the danger of unfair prejudice and confusion of the issues and is inadmissible under OCGA § 24-4-403." The trial court certified the issue for immediate review, and the Court of Appeals granted Burns's application for interlocutory appeal.

The Court of Appeals reversed the trial court, holding, in relevant part, that the trial court had misapplied the exclusionary provision in OCGA § 24-4-403 but that, also, "under the principles recognized in *Smith*, this exclusionary rule must yield to greater

2

constitutional concerns," namely, a "defendant's right of confrontation and right to present a full defense." (Citation and punctuation omitted.) *Burns*, 345 Ga. App. at 824-825. The Court of Appeals also indicated that these "constitutional concerns" resulted in the evidence being admissible under OCGA § 24-6-608 (b). We subsequently granted the State's petition for certiorari, asking the parties to address the following questions:

> 1. This Court held in [*Smith*] that evidence of prior false allegations by a victim of sexual misconduct is admissible in a criminal case regarding alleged sexual misconduct. Was our decision one of constitutional law or of evidence law?
> 2. If our holding in *Smith* was one of constitutional law, was it rightly decided? If it was instead an evidentiary holding, does it remain good law under the new Evidence Code?
> 3. Given the answers to the first two questions, in a criminal proceeding involving alleged sexual misconduct, does OCGA § 24-4-403 apply to evidence of prior false accusations of sexual misconduct made by the victim or a person close to the victim?

We address each legal question in turn, applying a de novo standard of review. See *Fulton County Bd. of Ed. v. Thomas*, 299 Ga. 59, 61 (786 SE2d 628) (2016).

3

1.  As relevant here, our decision in *Smith* was two-fold.  We first held that, as a threshold matter, Georgia's Rape Shield Statute, as it then existed, "does not prohibit testimony of previous false allegations by the victim" because such "evidence does not involve the victim's past sexual conduct but rather the victim's propensity to make false statements regarding sexual misconduct."  *Smith*, 259 Ga. at 137.  We then held, in response to the State's argument that other parts of our then-existing Evidence Code prohibited the admission of false allegation evidence, that "evidentiary rule[s] preventing evidence of specific acts of untruthfulness must yield to the defendant's right of confrontation and right to present a full defense."  Id.  In conclusion, we announced that evidence of a prior false allegation was admissible during trial following "'a threshold determination [made by the trial court outside the presence of the jury] that a reasonable probability of falsity exists.'"  Id. (quoting *Clinebell v. Commonwealth*, 368 SE2d 263, 266 (Va. 1988)).

Though the parties disagree as to the exact nature of our holdings in *Smith*, the language of the opinion combined with the

4

authority cited therein reflect that the decision was premised on both evidence law and constitutional law. The first holding was a straightforward, plain-language application of the then-existing Rape Shield Statute, which is a rule of evidence. See former OCGA § 24-2-3 (discussing admissibility of "evidence relating to the past sexual behavior of the complaining witness"). The second holding, though nebulous, appears to invoke the Sixth and Fourteenth Amendments. Indeed, in response to Smith's argument that his constitutional rights would be violated if such evidence were ruled inadmissible, this Court indicated that the rules of evidence "must yield" to the right of confrontation, as well as the right to present a full defense. *Smith*, 259 Ga. at 137. Notably, the authority cited in *Smith* regarding the admissibility of false allegation evidence squarely relies on the two relevant constitutional provisions. See *Clinebell*, 368 SE2d at 266 ("At least in the context of prosecutions of sexual offenses, evidentiary constraints must sometimes yield to a defendant's right of cross-examination. [Cit.] Cross-examination is an absolute right guaranteed to a defendant by the confrontation

5

clause of the Sixth Amendment and is fundamental to the truth-finding process."); *Commonwealth v. Bohannon*, 378 NE2d 987, 990-991 (Mass. 1978) ("When evidence concerning a critical issue is excluded and when that evidence might have had a significant impact on the result of the trial, the right to present a full defense has been denied.").

2. We next consider the propriety of our holdings in *Smith*. We must first consider whether the evidentiary holding of *Smith* remains good law following the recent overhaul of Georgia's Evidence Code. We must also consider whether the constitutional holding in *Smith* was correctly decided.[1] As we discuss below, though the evidentiary holding of *Smith* has survived the enactment of Georgia's new Evidence Code, the constitutional holding was wrongly decided.

---

[1] The breadth of the language in *Smith* — that vague "constitutional concerns" seemingly trump the applicable rules of evidence — prevents us from merely concluding that the entire decision was somehow abrogated by the enactment of the new Evidence Code. Indeed, the Court of Appeals appears to have understood that the constitutional holding in *Smith* was not abrogated by the enactment of the new rules of evidence. See *Morgan v. State*, 337 Ga. App. 29 (1) (785 SE2d 667) (2016).

The Rape Shield Statute has been part of Georgia law since 1976, see Ga. L. 1976, p. 741. Since that time, the General Assembly has reworked the exceptions to the provision (which are irrelevant to our current inquiry) and amended the statute to broaden the offenses to which it applies, see *White v. State*, 305 Ga. 111, 116, n. 4 (823 SE2d 794) (2019), but the core language remains unchanged, providing that

> evidence relating to the past sexual behavior of the complaining witness shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or other witnesses, except as provided in this Code section. For the purposes of this Code section, evidence of past sexual behavior includes, but is not limited to, evidence of the complaining witness's marital history, mode of dress, general reputation for promiscuity, nonchastity, or sexual mores contrary to the community standards.

OCGA § 24-4-412 (a). Compare Ga. L. 1976, p. 741, § 1 (using nearly identical language). Indeed, as we recently noted, "when the General Assembly adopted Georgia's new Evidence Code in 2011 . . . it did not adopt the federal counterpart to Georgia's Rape Shield Statute." *White*, 305 Ga. at 116. Instead, the language of the

7

current iteration of the statutory provision remains largely identical to the statute it replaced. Id.

"If there is no materially identical Federal Rule of Evidence and a provision of the old Evidence Code was retained in the new Code, our case law interpreting that former provision applies." *State v. Almanza,* 304 Ga. 553, 557 (820 SE2d 1) (2018). Here, the pertinent language of the Rape Shield Statute — which is not materially identical to the Federal Rule — has remained substantively consistent for decades and has been carried over into the new Evidence Code; the focus of this provision continues to be the exclusion of evidence concerning the "past sexual behavior of the complaining witness." Our evidentiary holding in *Smith* is consistent with the decades-old plain language of the Rape Shield Statute and remains good law in the era of the new Evidence Code. See *Morgan v. State,* 337 Ga. App. 29 (1) (785 SE2d 667) (2016) (recognizing that the new iteration of the Rape Shield Statute does not prohibit false allegation evidence).

Now, turning to the constitutional portion of our holding in

*Smith*, the opinion seemingly relies on the Sixth and Fourteenth Amendments to create a per se rule of admissibility for evidence of prior false allegations where falsity has been established, notwithstanding other rules of evidence.   These constitutional provisions demand no such rule.

> The Sixth Amendment includes a compact statement of the rights necessary to a full defense:
>
> > In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

*Faretta v. California*, 422 U. S. 806, 818 (95 SCt 2525, 45 LE2d 562) (1975) (quoting the Sixth Amendment).  "In short, the Amendment constitutionalizes the right in an adversary criminal trial to make a defense as we know it."  Id.

With respect to the right to confrontation, the Sixth Amendment "provides two types of protections for a criminal defendant: the right physically to face those who testify against him,

9

and the right to conduct cross-examination." *Pennsylvania v. Ritchie*, 480 U. S. 39, 51 (107 SCt 989, 94 LE2d 40) (1987). "Generally speaking, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." (Emphasis in original.) *Delaware v. Fensterer*, 474 U. S. 15, 20 (106 SCt 292, 88 LE2d 15) (1985). See also *Nicely v. State*, 291 Ga. 788, 796 (733 SE2d 715) (2012) (noting that the "Sixth Amendment right to confrontation . . . is not an absolute right that mandates unlimited questioning by the defense" (citation and punctuation omitted)).

As to the Due Process Clause in the Fourteenth Amendment, it "guarantees criminal defendants a meaningful opportunity to present a complete defense." (Citations and punctuation omitted.) *Crane v. Kentucky*, 476 U. S. 683, 690 (106 SCt 2142, 90 LE2d 636) (1986). However, "[a] defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer*, 523 U. S. 303, 308 (118 SCt 1261, 140

10

LE2d 413) (1998). "[T]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise *inadmissible under standard rules of evidence.*" (Emphasis supplied.) *Taylor v. Illinois*, 484 U. S. 400, 410 (108 SCt 646, 98 LE2d 798) (1988). In the exercise of these rights under the Sixth and Fourteenth Amendments, "the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Mississippi*, 410 U. S. 284, 302 (93 SCt 1038, 35 LE2d 297) (1973).

"[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" (Citation and punctuation omitted.) *Scheffer*, 523 U. S. at 308. As the Supreme Court of the United States recently recognized, only "rarely" has that Court concluded that "the right to present a complete defense was violated

11

by the exclusion of defense evidence under a state rule of evidence." *Nevada v. Jackson*, 569 U. S. 505, 509 (133 SCt 1990, 186 LE2d 62) (2013).

What this Court failed to recognize in *Smith* is that, though our statutory rules of evidence may "operate[ ] to prevent a criminal defendant from presenting relevant evidence, [and consequently diminish] the defendant's ability to confront adverse witnesses and present a defense . . . [t]his does not necessarily render the statute[s] unconstitutional." *Michigan v. Lucas*, 500 U. S. 145, 149 (111 SCt 1743, 114 LE2d 205) (1991). States may lawfully "exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability — even if the defendant would prefer to see that evidence admitted." *Crane*, 476 U. S. at 690.

Our sweeping decision in *Smith* lacked nuance. The holding was reached without any meaningful analysis and without consideration of whether the relevant rules of evidence (or other applicable statutes) could pass muster under the Sixth and Fourteenth Amendments; our blanket holding that rules of evidence

must "yield" to constitutional concerns — and must permit the admission of evidence that may be considered for both impeachment and as substantive evidence — was unwarranted and incorrect.[2] Our conclusion in this regard is bolstered by language from *Jackson*, in which the Supreme Court of the United States explained, in the context of the application of state evidence rules that prevented a rape defendant from presenting evidence of the victim's prior false allegations of sexual assault, that it has never held that the Confrontation Clause "entitles a criminal defendant to introduce *extrinsic evidence* for impeachment purposes." (Emphasis in original.) *Jackson*, 569 U. S. at 512.

Our conclusion that *Smith* was wrongly decided does not end our inquiry because we must also consider the issue of stare decisis before determining whether to overrule the opinion. See *Lejeune v. McLaughlin*, 296 Ga. 291 (2) (766 SE2d 803) (2014).

---

[2] We do not mean to be understood to say that all Georgia rules of evidence (or other applicable statutes) pass muster under the Sixth and Fourteenth Amendments in all circumstances, but only that those provisions do not require that all false allegation evidence categorically be admitted without regard for the rules of evidence.

Under the doctrine of stare decisis, courts generally stand by their prior decisions, because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process. Stare decisis, however, is not an inexorable command. Courts, like individuals, but with more caution and deliberation, must sometimes reconsider what has been already carefully considered, and rectify their own mistakes. In reconsidering our prior decisions, we must balance the importance of having the question *decided* against the importance of having it *decided right*. To that end, we have developed a test that considers the age of precedent, the reliance interests at stake, the workability of the decision, and, most importantly, the soundness of its reasoning. The soundness of a precedent's reasoning is the most important factor.

(Citations and punctuation omitted; emphasis in original.) *Olevik v. State,* 302 Ga. 228, 244-245 (806 SE2d 505) (2017).

Here, the stare decisis factors favor that we overrule *Smith.* As we have already established, *Smith* was wrongly decided "based on a misunderstanding of *federal* constitutional law" and, as such, the "error is not capable of correction by the People of this State." *Lejeune,* 296 Ga. at 298. The *Smith* decision offered little meaningful analysis to reach its constitutional holding, opting

14

instead for a string cite of decisions from other states. Though the opinion is approximately 30 years old, we have overruled even older decisions. See, e.g., *Lejeune*, supra (overruling nearly 44-year-old decision based on misapprehension of federal constitutional law).

As to the third factor, the decision does not involve substantial reliance interests. See *Savage v. State of Ga.*, 297 Ga. 627, 641 (5) (b) (774 SE2d 624) (2015) (recognizing that substantial reliance interests are most common in contract and property cases). Overruling *Smith* neither impedes the State's ability to prosecute sex offenses nor extinguishes a defendant's statutory or constitutional rights in such cases. Finally, we cannot say that any "workability" of *Smith* is sufficient to preserve the precedent. Although *Smith*'s bright-line test is not "unworkable," neither is the alternative — applying the familiar and usual rules of evidence, which trial courts routinely do every day. Accordingly, we overrule our constitutional holding in *Smith*, as well as similar holdings in *Benton v. State*, 265 Ga. 648 (5) (461 SE2d 202) (1995); *Ray v. State*, 345 Ga. App. 522 (4) (812 SE2d 97) (2018); *Tyson v. State*, 232 Ga.

15

App. 732 (2) (503 SE2d 640) (1998); *Peters v. State*, 224 Ga. App. 837 (4) (481 SE2d 898) (1997); *Hines v. State*, 221 Ga. App. 193, 193-195 (470 SE2d 787) (1996); *Humphrey v. State*, 207 Ga. App. 472 (2) (428 SE2d 362) (1993); *Strickland v. State*, 205 Ga. App. 473, 473-474 (422 SE2d 312) (1992); *Ellison v. State*, 198 Ga. App. 75 (1) (400 SE2d 360) (1990); and *Shelton v. State*, 196 Ga. App. 163 (4) (395 SE2d 618) (1990).[3]

[3] We also disapprove the following cases to the extent that they cite or rely on the constitutional holding in *Smith*: *Postell v. State*, 261 Ga. 842 (2) (412 SE2d 831) (1992); *Frye v. State*, 344 Ga. App. 704, 708-709 (811 SE2d 460) (2018); *Morgan v. State*, 337 Ga. App. 29 (1) (785 SE2d 667) (2016); *Priest v. State*, 335 Ga. App. 754 (1) (782 SE2d 835) (2016); *Dean v. State*, 321 Ga. App. 731 (2) (742 SE2d 758) (2013); *Osborne v. State*, 291 Ga. App. 711 (2) (662 SE2d 792) (2008); *Gibbs v. State*, 287 Ga. App. 694 (1) (a) (i) (652 SE2d 591) (2007); *Roberts v. State*, 286 Ga. App. 346, 347 (648 SE2d 783) (2007); *Menard v. State*, 281 Ga. App. 698 (3) (637 SE2d 105) (2006); *Frazier v. State*, 278 Ga. App. 685 (2) (a) (629 SE2d 568) (2006); *Eley v. State*, 266 Ga. App. 45 (1) (596 SE2d 660) (2004); *Long v. State*, 265 Ga. App. 605 (2) (595 SE2d 93) (2004); *Hall v. State*, 254 Ga. App. 131 (1) (561 SE2d 464) (2002); *Williams v. State*, 251 Ga. App. 137, 140 (553 SE2d 823) (2001); *Mills v. State*, 251 Ga. App. 39 (2) (553 SE2d 353) (2001); *Banks v. State*, 250 Ga. App. 728 (1) (552 SE2d 903) (2001); *Mann v. State*, 244 Ga. App. 756 (2) (536 SE2d 608) (2000); *Pittman v. State*, 243 Ga. App. 564 (2) (b) (533 SE2d 769) (2000); *Long v. State*, 241 Ga. App. 370 (4) (526 SE2d 875) (1999); *Weldy v. State*, 239 Ga. App. 849 (1) (521 SE2d 858) (1999); *Trusty v. State*, 237 Ga. App. 839 (2) (517 SE2d 91) (1999); *Patterson v. State*, 237 Ga. App. 80 (1) (514 SE2d 873) (1999); *Gilmer v. State*, 234 Ga. App. 309 (2) (506 SE2d 452) (1998); *Kelley v. State*, 233 Ga. App. 244 (5) (503 SE2d 881) (1998); *Wand v. State*, 230 Ga. App. 460 (2) (c) (496 SE2d 771) (1998); *Hodges v. State*, 229 Ga. App. 475 (1) (494 SE2d 223) (1997); *Gravitt v. State*, 228 Ga.

3. Finally, we must now delve into how OCGA § 24-4-403 applies to evidence of prior false allegations by a complaining witness in a sexual offense prosecution. Though the trial court recognized that K. R.'s attempted rape statement was false, the court excluded the evidence under OCGA § 24-4-403, determining that any "probative value of the statement . . . is substantially outweighed by the danger of unfair prejudice and confusion of the issues." The Court of Appeals, relying on *Smith*, determined that OCGA § 24-4-403 does not apply to false allegation evidence such as that at issue here. This was incorrect.

App. 760 (2) (492 SE2d 739) (1997); *Ney v. State*, 227 Ga. App. 496 (2) (489 SE2d 509) (1997); *Hicks v. State*, 222 Ga. App. 828 (1) (476 SE2d 101) (1996); *Lane v. State*, 223 Ga. App. 740 (5) (479 SE2d 350) (1996); *Eason v. State*, 215 Ga. App. 614 (1) (451 SE2d 820) (1994); *Chambers v. State*, 213 Ga. App. 284 (1) (a), (b) (444 SE2d 833) (1994); *Ingram v. State*, 211 Ga. App. 252 (5) (438 SE2d 708) (1993); *Berry v. State*, 210 Ga. App. 789 (1) (437 SE2d 630) (1993); *Allen v. State*, 210 Ga. App. 447 (1) (436 SE2d 559) (1993); *Wells v. State*, 206 Ga. App. 513 (2) (426 SE2d 231) (1992); *Yebra v. State*, 206 Ga. App. 12 (1) (424 SE2d 318) (1992); *Chambers v. State*, 205 Ga. App. 78 (2) (421 SE2d 326) (1992); *Hall v. State*, 204 Ga. App. 469 (2) (419 SE2d 503) (1992); *Howard v. State*, 200 Ga. App. 188 (1) (407 SE2d 769) (1991); *Postell v. State*, 200 Ga. App. 208 (4) (a) (407 SE2d 412) (1991); *Shelton v. State*, 199 Ga. App. 506, 506-507 (405 SE2d 123) (1991); *Calloway v. State*, 199 Ga. App. 272 (3) (404 SE2d 811) (1991); *Dempsey v. State*, 197 Ga. App. 674 (3) (399 SE2d 239) (1990); *Spivey v. State*, 197 Ga. App. 11 (3) (397 SE2d 588) (1990); *Coxwell v. State*, 195 Ga. App. 751 (2) (395 SE2d 38) (1990).

OCGA § 24-4-403[4] tracks its federal counterpart, see *State v. Jones*, 297 Ga. 156, 158 (773 SE2d 170) (2015), and, as such, "we look to decisions of the federal appellate courts construing and applying the Federal Rules, especially the decisions of the United States Supreme Court and the Eleventh Circuit." *Olds v. State*, 299 Ga. 65, 69 (786 SE2d 633) (2016). With respect to Rule 403, the Supreme Court of the United States has explained that,

> [w]hile the Constitution . . . prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.

*Holmes v. South Carolina*, 547 U. S. 319, 326 (126 SCt 1727, 164 LE2d 503) (2006) (specifically citing Federal Rule 403). See also *Crane*, 476 U. S. at 689-690 (recognizing that the Constitution permits the exclusion of evidence that is "repetitive," that is "only

---

[4] "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

marginally relevant," or that "poses an undue risk of harassment, prejudice, or confusion of the issues" (citation and punctuation omitted)). In fact, the United States Supreme Court has recognized that Rule 403 is one of "any number of familiar and unquestionably constitutional evidentiary rules [that] authorize[s] the exclusion of relevant evidence." *Montana v. Egelhoff*, 518 U. S. 37, 42 (116 SCt 2013, 135 LE2d 361) (1996) (plurality decision). Accordingly, there is no constitutional impediment to applying OCGA § 24-4-403 here, and the Court of Appeals erred to the extent that it held otherwise.

That being said, "the exclusion of evidence under Rule 403 'is an extraordinary remedy which should be used only sparingly.'" (Citation and footnote omitted.) *Olds*, 299 Ga. at 70. "The 'major function' of Rule 403 is to exclude matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." (Citations and punctuation omitted.) *Hood v. State*, 299 Ga. 95, 103 (786 SE2d 648) (2016). Though a decision under OCGA § 24-4-403 is "committed principally to the discretion of the trial court[ ]," *Olds*, 299 Ga. at 70, the trial court's decision in this instance was

19

an abuse of discretion, and the Court of Appeals was ultimately correct to reverse the judgment of the trial court on this point.

In a sexual offense prosecution, where, like here, the case comes down to witness credibility, evidence that the complaining witness has made a prior false allegation of sexual misconduct is not of "scant" probative force. See *Olds*, 299 Ga. at 76 (recognizing that the probative value of disputed evidence depends, in part, upon the need for such evidence). As to the issue of "unfair prejudice," the primary concern is that a jury will decide a case on "an improper basis, commonly, though not necessarily, an emotional one." (Citation and punctuation omitted.) *Pierce v. State*, 302 Ga. 389, 394-395 (807 SE2d 425) (2017). Here, it is unclear how K. R.'s admittedly false statement would inflame passions of the jury or inspire an emotional decision rather than facilitate a reasoned decision based on the evidence and determinations of credibility. Finally, with respect to "confusion of the issue," this prosecution involves one defendant and a single incident that allegedly occurred in July 2015. The false allegation at hand plainly describes an event

20

involving someone else at a separate time; there is no basis for confusion. As such, OCGA § 24-4-403 does not pose a bar to the jury learning about K. R.'s false statement.[5]

*Judgment affirmed. All the Justices concur, except Melton, C. J., not participating, and Bethel and Ellington, JJ., disqualified.*

---

[5] We note that, though our analysis concludes with the application of OCGA § 24-4-403, there may be other rules of evidence or law which bear on the admission or exclusion of the disputed evidence.

Decided June 10, 2019.

Certiorari to the Court of Appeals of Georgia — 345 Ga. App. 822.

Shannon G. Wallace, District Attorney, Cliff Head, Randall J. Ivey, Assistant District Attorneys, for appellant.

Grisham & Poole, Scott T. Poole, Michael A. Ray, for appellee.

D. Victor Reynolds, District Attorney, Michael S. Carlson, John S. Melvin, Charles P. Boring, John R. Edwards, Amelia G. Pray, Jaret T. Usher, Assistant District Attorneys; James L. Ford, Sr., amici curiae.