**SECOND DIVISION**
**MILLER, P. J.,**
**DILLARD, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 2, 2020**

# In the Court of Appeals of Georgia

A18A0333. RAY v. THE STATE.

PHIPPS, Senior Appellate Judge.

This is the second appearance of this criminal matter before this Court. In *Ray v. State*, 345 Ga. App. 522 (812 SE2d 97) (2018) ("*Ray I*"), we rejected most of appellant James Roy Ray's assertions of error concerning his conviction for rape and sexual battery, but vacated the order denying his motion for new trial and remanded for further proceedings as to whether trial counsel was ineffective in failing to assert a plea in bar and whether the trial court erred in excluding evidence concerning the victim's aunt's false accusations of sexual misconduct in a prior matter. Id. at 528-530 (3) (f), (4). On the second of these issues, the Supreme Court of Georgia vacated our opinion and remanded to this Court with instruction to "reconsider [our] decision in the light of" *State v. Burns*, 306 Ga. 117 (829 SE2d 367) (2019), which overruled

the precedent on which we had relied. See *Burns*, 306 Ga. at 121 (2) (abrogating the "per se rule of admissibility for evidence of prior false allegations" established in *Smith v. State*, 259 Ga. 135, 135 (1) (377 SE2d 158) (1989)); *State v. Ray*, — Ga. — (Case No. S18C1201, decided August 19, 2019). On remand, we apply *Burns* and remand the case to the trial court with direction that it consider both the merits of Ray's remaining ineffective assistance claim and whether the evidence of the victim's aunt's false accusations is admissible under OCGA § 24-4-403 ("Rule 403").

Our previous opinion laid out the relevant facts as follows:

Viewed favorably to the jury's verdict, the evidence shows that the victim, a mentally challenged adult, lived with her aunt and several cousins. Ray, who was also related to the victim, visited the home on occasion, and the family spent time at his house, as well. In December 2009, the victim disclosed to a family member that Ray had assaulted her. The victim's aunt reported the disclosure to the police.

During the ensuing investigation, the victim submitted to a forensic interview and described several instances of sexual abuse by Ray. The victim confirmed that abuse at trial, testifying that on various occasions Ray had inserted his "boy part" into her "girlie part," touched her "girlie part" with his tongue and finger, placed a sex toy on her "girlie part," and touched her breast with his tongue. She further testified that Ray never asked whether he could touch her, that she did not want to have sexual relations with him, and that the encounters made her feel dirty.

345 Ga. App. at 522-523.

Some weeks before trial, the State filed a motion to exclude "any testimony of alleged prior false allegations [by the victim] of sexual abuse" absent a determination that the testimony was relevant under OCGA § 24-1-104 and a "reasonable probability" that the prior allegations were false. See, e.g., *Kelley v. State*, 233 Ga. App. 244, 251 (5) (503 SE2d 881) (1998) (among cases disapproved in *Burns*, supra, 306 Ga. at 124 (2) n. 3) (requiring a showing of "reasonable probability" that prior allegations of sexual abuse were false in order for evidence of those allegations to be admissible). A few days before trial, the State moved (more specifically) to exclude testimony concerning an accusation made in the late 1990s by a 3-year-old child against her father. The accusation was allegedly made in the presence of the deceased aunt of the victim in the case-in-chief.

At the pretrial hearing on the State's motion, the State argued that Ray should be barred from presenting testimony concerning the prior accusation, which the State saw as bolstering the defense's claim that the deceased aunt had coached the victim in this case. The defense responded with a proffer of testimony from the aunt's daughter showing that the aunt and other members of the victim's family had threatened and forced the daughter to make a false report that the daughter herself had

been raped. After getting permission to treat the aunt's daughter as a hostile witness, the defense attempted to elicit testimony about this false report. The aunt's daughter admitted that she had been persuaded to report a rape, but refused to discredit her dead mother in any further detail. At the conclusion of the proffer, the trial court held that testimony concerning the aunt's false reports was inadmissible, and filed orders explaining that such testimony was not "relevant" or "[]admissible absent a further order of the Court."

Our opinion in *Ray I* recounts the proceedings that followed:

Ray's primary defense at trial was that various individuals had convinced the mentally disabled victim to fabricate the allegations against him. He . . . claimed that the victim was influenced before the December 29, 2009 interview. But through his cross-examination of the victim and other witnesses, Ray also intimated that relatives and state officials had influenced her trial testimony *after* the interview occurred.

. . .

[On his first appeal,] Ray argue[d] that the trial court erred in excluding evidence that the victim's aunt had, on several previous occasions, falsely accused other individuals of sexual misconduct. . . . Ray [had] asserted [at trial] that the family of the mentally challenged victim had convinced her to fabricate the allegations against him, and the aunt made the initial report to police.

4

(Emphasis in original.) *Ray I*, 345 Ga. App. at 524 (1), 529 (4). In *Ray I*, we rejected most of Ray's claims of error, but vacated his conviction and remanded for further proceedings as to (1) his ineffectiveness claim concerning trial counsel's failure to assert a plea in bar under *Barker v. Wingo*, 407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972); and (2) the exclusion of evidence of the deceased aunt's prior false reports of sexual abuse. 345 Ga. App. at 528-529 (3) (f), (4). We now address the issue identified by our Supreme Court: whether evidence of the deceased aunt's prior false reports, previously deemed inadmissible without a determination of a "reasonable probability" of their falsity, should be admissible under Rule 403.

On this issue, the State's motions in limine and the trial court's orders granting the motions cite only OCGA § 24-1-104, which provides in relevant part:

> (a) *Preliminary questions concerning* the qualification of a person to be a witness, the existence of a privilege, or *the admissibility of evidence shall be determined by the court, subject to the provisions of subsection (b) of this Code section*. In making its determination, the court shall not be bound by the rules of evidence except those with respect to privileges. Preliminary questions shall be resolved by a preponderance of the evidence standard.
>
> (b) *When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the*

5

*introduction of evidence sufficient to support a finding of the fulfillment of the condition.*

*. . .*

(e) *This Code section shall not limit the right of a party to introduce before the jury evidence relevant to weight or credibility.*

(Emphasis supplied.) On its face, the statute concerns only "preliminary" determinations of relevance, and "shall not limit the right of a party to introduce before the jury evidence relevant to weight or credibility." OCGA § 24-1-104 (a), (e).

As we noted in our prior opinion, it may well be that testimony showing that the victim's deceased aunt, who reported the crimes at issue, had previously made false claims of sexual abuse "would be relevant to the veracity of the allegations here." *Ray I*, 345 Ga. App. at 529 (4). In any event, however, in order to make a definitive determination of whether such testimony was relevant, the trial court was obligated to consider whether the probative value of the evidence was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." OCGA § 24-4-403; see also *Williams v. State*, 328 Ga. App. 876, 879-880 (1) (763 SE2d 261) (2014) (The "primary function of Rule 403 . . . is

6

to exclude evidence of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.") (footnote and punctuation omitted); *Olds v. State*, 299 Ga. 65, 70 (2) (786 SE2d 633) (2016) (the balancing test of Rule 403 is "committed principally to the discretion of the trial courts"); id. at 76 (2) (admissibility of other-acts evidence under Rule 403 "calls for a careful, case-by-case analysis, not a categorical approach") (footnotes omitted).[1] As our Supreme Court noted in *Burns*, supra:

> [W]hile the [United States] Constitution prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit *trial judges* to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury. . . . In fact, the United States Supreme Court has recognized that Rule 403 is one of any number of familiar and unquestionably constitutional evidentiary rules that authorizes the exclusion of relevant evidence. Accordingly, there is no constitutional impediment to applying OCGA § 24-4-403 here. . . .

---

[1] Under these circumstances, when the Supreme Court has clarified the applicable law years after trial, we do not think that it would be fair to conclude that Ray waived the issue of the ultimate relevance of the deceased aunt's prior false reports under Rule 403.

(Citation and punctuation omitted; emphasis supplied.) 306 Ga. at 125-126 (3). We also heed our Supreme Court's admonitions that "the exclusion of evidence under Rule 403 'is an extraordinary remedy which should be used only sparingly,'" id. at 126 (3), quoting *Olds*, 299 Ga. at 70 (2), and that in a sexual prosecution such as this one, "evidence that the complaining witness has made a prior false allegation of sexual misconduct is *not* of scant probative force." (Citation omitted; emphasis supplied.) *Burns*, 306 Ga. at 126 (3). Finally, where, as here, "[t]he false allegation at hand plainly describes an event involving someone else at a separate time," id., the trial court should consider whether there was any likelihood that the jury would be confused by evidence of such an allegation, as well as the unavailability of the aunt for cross-examination and the unwillingness of her daughter to testify concerning the prior allegation.

In light of the above, we vacate Ray's conviction and remand the case with direction that the trial court hold a hearing on both outstanding issues before it: (1) whether Ray's remaining ineffectiveness claim has merit; and (2) whether, under Rule 403, the probative value of evidence as to the victim's aunt's prior false accusation is substantially outweighed by its prejudicial effect. See *Ray I*, 345 Ga. App. at 528-529 (3) (remanding for resolution of the ineffectiveness claim under *Barker v. Wingo*,

8

supra); *Burns*, 306 Ga. at 125-126 (3) (analyzing whether evidence of a prior false report of a sexual offense was admissible under Rule 403, and finding that the Court of Appeals' failure to rule on that ground was harmless in light of its reversal of the trial court's exclusion of the evidence). If the trial court concludes that OCGA § 24-4-403 would have barred this jury from learning about the victim's aunt's false statement, see *Burns*, 306 Ga. at 126 (3), and also concludes that the remaining ineffectiveness claim lacks merit, it should enter an order making findings to that effect and reinstating Ray's conviction. If, on the other hand, the trial court finds that Ray's remaining ineffectiveness claim has merit and/or that the evidence of the victim's aunt's false statement was improperly excluded, it should consider whether Ray was prejudiced by either or both of these errors and order further proceedings accordingly.

*Judgment vacated and case remanded with direction. Miller, P. J., and Dillard, P. J., concur.*