**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 16, 2026**

# In the Court of Appeals of Georgia

A25A2117. PARKER v. THE STATE.

RICKMAN, Presiding Judge.

Robert Parker has been indicted on two counts of rape, two counts of aggravated sodomy, and one count each of false imprisonment and terroristic threats for acts allegedly inflicted on the alleged victim, C.W. We granted Parker's application for interlocutory review in order to consider whether the trial court erred by excluding, in limine, evidence of previous rape allegations made by C.W. against several different men. For the reasons set forth below and based on the current record before this Court, we affirm.

The limited appellate record shows that in January 2024, Parker and C.W. met while they were both patients in a mental health facility and began a consensual sexual

relationship. In April 2024, C.W. reported to law enforcement that Parker had sexually assaulted her several times over a multi-day period. She presented an audio recording of one of the alleged assaults in which she can purportedly be heard crying while Parker "repeatedly sodomize[s] her and rape[s] her . . . and threaten[s] her [with] violence multiple times."[1]

When information from C.W.'s phone was extracted, it was discovered that the phone contained evidence that C.W. had made previous allegations of sexual misconduct against at least six other men.[2] In addition to numerous text messages referencing the alleged former abuse, C.W.'s phone contained three audio recordings in which she appears to be crying while pleading with a former boyfriend to "stop" during sexual intercourse, and two additional audio recordings in which she accuses

---

[1] The audio recording of Parker's alleged rape is not in the record, but the record does contain a description of the recording's contents by a detective who listened to it in its entirety.

[2] Parker's counsel informed the trial court that Parker claimed C.W. also told him that she had been sexually assaulted by a church bishop, but the record otherwise contains no evidence of that allegation.

two different men of having sexually assaulted her. In the latter recordings, the men do not appear to deny assaulting C.W.[3]

The State filed a motion in limine to exclude the above evidence and Parker objected to the motion, contending the evidence was relevant and admissible to support his assertion that his sexual encounters with C.W. were consensual. Specifically, he argued that the allegations of sexual misconduct by other men were "likely false[ ]," and argued that the evidence supports his defense that C.W. has a "rape fetish" and/or suffers from Munchausen Syndrome, leading her to "constantly use[ ] her past 'rapes' to get attention."

After conducting a hearing and allowing both Parker and the State to make offers of proof, the trial court determined that evidence related to C.W.'s past allegations and the recorded evidence of alleged sexual abuse by other men is inadmissible.[4] In so doing, the trial court explicitly referenced its use of the traditional

---

[3] One of the men seems to admit and apologize for the assault, while the other asserts that he had consumed so much alcohol that he had no memory of the event beyond being aware that he had engaged in intercourse with C.W. and at some point recalled them falling to the floor.

[4] With respect to Parker's allegations that C.W. had a "rape fetish," the trial court determined that, as conceded by the State, Parker could admit evidence related to any sexual interactions between himself and C.W. in his effort to establish his

rules of evidence, including OCGA §§ 24-1-104, 401, 402, and 403. The trial court addressed each prior allegation and/or recording of alleged misconduct and ultimately determined that in every case, to the extent the evidence was relevant, its relevance was far outweighed by danger of confusing the issues, misleading the jury, and creating "mini-trials" within this case that do not bear directly on the charges against Parker.

Parker argues that the trial court erred by improperly weighing the probative value of the evidence against the dangers of its admission and, further, that suppression of the evidence violates his due process and confrontation rights. Based on the record before us, we disagree.

Georgia's Rape Shield Statute, OCGA § 24-4-412, does not categorically bar the admission of evidence of prior accusations of sexual abuse. See *State v. Burns*, 306 Ga. 117, 119–20(2) (829 SE2d 367) (2019); see also *Gallegos-Munoz v. State*, 319 Ga. 803, 811-12(2)(b) (906 SE2d 711) (2024). Rather, the admissibility of such evidence is governed by "applying the familiar and usual rules of evidence" set forth in the

---

purported belief that his conduct with C.W. was consensual. The trial court ruled, however, that any such evidence related to C.W.'s sexual preferences with men other than Parker is inadmissible under the Rape Shield Statute. See OCGA § 24-4-412. Parker does not challenge that ruling.

2013 Evidence Code. *Gallegos-Munoz,* 319 Ga. at 812(2)(c) (quoting *Burns*, 306 Ga. at 124(2)).

When considering the admissibility of such evidence under Georgia law, "[a] fundamental question is relevancy, because relevant evidence is admissible, unless a specific exception applies, and irrelevant evidence is inadmissible." Id. at 816(2)(e); see OCGA § 24-4-402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OCGA § 24-4-401. To that end, when the relevancy of evidence depends upon proof of a conditional fact, the trial court must first examine the available evidence to determine whether a jury could reasonably find the conditional fact by a preponderance of the evidence. See OCGA § 24-1-104(b); see also *Gallegos-Munoz,* 319 Ga. at 816(2)(e).

Even if evidence is deemed relevant, the trial court may, in its discretion, exclude the evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

OCGA § 24-4-403. There is no "mechanical solution" when conducting this balancing test, but rather "a trial court must undertake in each case a considered evaluation of the proffered justification for the admission of such evidence and make an independent determination of whether the probative value of the evidence is 'substantially outweighed' by any of the negative effects laid out in Rule 403." *Gallegos-Munoz,* 319 Ga. at 818(2)(e) (punctuation omitted); see *State v. Orr*, 305 Ga. 729, 736–37(3) (827 SE2d 892) (2019). In so doing, the trial court "can take into account the risk that presenting evidence of certain conduct would result in a 'mini-trial,' where the evidence does not bear directly on the charges at issue and where the conduct is not conceded by all to have taken place." *Gallegos-Munoz,* 319 Ga. at 818(2)(e).

Here, with one exception, the men whom C.W. previously accused of having raped her either cannot be located or their identities are unknown. As to those men, there is no evidence in the current record from which to conclude that C.W.'s allegations against them are false, and it is only from evidence of falsity that the allegations derive any probative value. See OCGA §§ 24-1-104(b); 24-4-401; 24-4-402. To the extent that C.W. was actually raped by those men, that evidence does

nothing to aid in the determination of whether Parker is guilty of the crimes for which he stands accused. See OCGA § 24-4-401; see generally *Muniz v. State*, 375 Ga. App. 140, 142(1)(b) (914 SE2d 358) (2025).

As to the man whose identity is known, C.W. alleged in text messages that he violently assaulted her twice, once in 2008 and once in 2014. Parker's counsel made a proffer that the man would testify that he met C.W. at a mental health facility, they dated for about a month, and they never had sexual intercourse. By 2011, he was happily married with a child, "which would lead to the falsity that he might have forcefully raped and tortured [C.W.] in 2014," and C.W. attempted to initiate friendly contact with him after 2014, inconsistent with a victim of a sexual assault. For its part, the State made a proffer showing that C.W. maintains the assaults happened, she informed her family about them, she filed a police report after the later-alleged assault in which she referenced the earlier assault, and she underwent a Sexual Assault Nurse Exam. The State further proffered evidence of an unfortunate "ongoing theme" of cyclical behavior in which C.W. "feels sorry for" the men who allegedly abuse her and offers them second chances.

Faced with this evidence, we cannot say that the trial court abused its discretion in excluding the prior-allegation evidence. To the extent the men involved are either unknown or unidentified, there is nothing from which to conclude that the allegations against them are false; thus, the probative value of that evidence is minimal, if any. With respect to the man who has been identified and is prepared to testify, the trial court recognized the relevancy of that evidence, but nevertheless concluded that under the Rule 403 balancing test, the probative value was "substantially outweighed by the danger of confusion of the issues by the jury and the danger of a mini-trial over these issues." The trial court did not err in so holding. See generally *Muniz*, 375 Ga. App. at 142-43(1)(b); *Gallegos-Munoz,* 319 Ga. at 818(2)(e); *Strong v. State*, 309 Ga. 295, 317(4) & n.23 (845 SE2d 653) (2020).

Although Parker asserts that the exclusion of the prior-allegation evidence deprives him of his Fourteenth Amendment right to present a complete defense and his Sixth Amendment right to confront the witnesses against him, the argument presupposes the relevancy (i.e., falsity) of the allegations. But as already discussed, with only one exception, on the record before this Court, such an assumption requires sheer speculation. Likewise, Parker has expressed his desired intention to impeach

8

C.W. with the prior allegations, but they are only relevant to her credibility if there is evidence that they are false. Thus, Parker has not shown that his due process or confrontation rights have been violated by the exclusion of this evidence. See generally *U.S. v. Crow Eagle*, 705 F3d 325, 328–29(III) (8th Cir. 2013); *U.S. v. Tail*, 459 F3d 854, 859–60(III)(C) (8th Cir. 2006).

Of course, Parker remains free to renew his objection to the trial court's ruling during trial if he believes that the ruling should be reconsidered in light of the other evidence or arguments presented to the jury. See *Whitehead v. State*, 287 Ga. 242, 248–49(2) (695 SE2d 255) (2010).

*Judgment affirmed. Gobeil and Davis, JJ., concur.*