**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the
# Supreme Court of Georgia

No. S26A0355
The State
v.
Barron Brantley

On Appeal from the Superior Court of Fulton County
No. 22SC183042

Decided: June 16, 2026

Land, Justice.

Barron Brantley and his girlfriend, Jordyn Angel-Marie Jones, were indicted for malice murder and other offenses arising from the death of Jones's roommate, Alexis Crawford. Brantley was also indicted for rape and aggravated sexual battery arising from his alleged sexual assault of Crawford five days before her murder.[1] After the rape and aggravated sexual battery charges against Brantley were severed from the other charges in the indictment, the State moved to admit evidence related to the sexual assault in the murder trial. The trial court denied that motion, and pursuant to OCGA § 5-7-1, the State appealed from that ruling. The State argues that the trial court abused its discretion in finding that evidence of Brantley's sexual assault of Crawford

---

[1] Crawford was killed on October 31, 2019. Brantley and Jones filed a pre-trial motion to sever their trials, and the State consented to that motion. Because Brantley's and Jones's trials were severed, the State filed separate appeals in each case. The State's appeal in Jones's case (Case No. S26A0356) is stricken from this Court's docket for the reasons set forth in the order issued in that case.

and Crawford's reporting of it (collectively, the "sexual assault evidence") was inadmissible as intrinsic evidence, and in excluding the sexual assault evidence under OCGA § 24-4-403's balancing test. For the reasons that follow, we agree with the State and reverse.[2]

1. *Background*

(a) In its pre-trial motion seeking to admit the sexual assault evidence, the State proffered the following: On October 26, 2019, Brantley sexually assaulted Crawford in the apartment Crawford shared with Jones, and Crawford reported that sexual assault to the police. Brantley told Jones that the sex was consensual and that he "had just merely engaged in oral sex" with Crawford, and Jones became jealous of Crawford.

Five days later, on October 31, 2019, Crawford returned to the apartment, intending to confront Brantley about the sexual assault. Jones, however, had told Brantley, who had been "hiding for several days" from authorities, to stay in the bedroom so as not to agitate Crawford. Jones and Crawford then began arguing about the "whole situation," a reference to Brantley's alleged sexual assault of Crawford. Brantley "came out of the room in a rage upon hearing the women arguing." He then strangled Crawford, and Jones placed a bag over Crawford's head. Crawford died as a result.

(b) In its order denying the State's motion to admit the sexual assault evidence as intrinsic evidence, the trial court found that "the evidence shows that Ms. Crawford and Ms. Jones bought and consumed a bottle of alcohol, became intoxicated, began to

---

[2] This is the second appearance of this case before this Court. In *State v. Brantley*, 321 Ga. 370 (2025), we reversed the trial court's order excluding from evidence incriminating phone calls Brantley made while in jail.

argue, and then engaged in a physical fight during which they hit, bit and scratched each other," and that Brantley "came out of an adjacent room to stop the fight, but it escalated, resulting in the death of Ms. Crawford." The trial court concluded that the alleged sexual assault evidence was not intrinsic because there was "no evidence" that the alleged sexual assault and Crawford's reporting of it was "the motive for [Crawford's] murder" because "[n]either of the accused made any statement to that effect." The trial court also concluded that the alleged sexual assault evidence was "not necessary to complete the story of the crime [as] [t]he story of the fight in the apartment following the consumption of alcohol is complete on its own" and "[t]he alleged sexual assault of Ms. Crawford is not part of any witness's account of the circumstances surrounding the death of Ms. Crawford." Finally, the trial court found that, even if the sexual assault evidence was intrinsic, it failed the balancing test under OCGA § 24-4-403 because it "would unduly prejudice the accused." This appeal followed.

   2. *Analysis*

   The State argues that the sexual assault evidence is admissible as intrinsic evidence and that the trial court's exclusion of that evidence was an abuse of discretion. We agree.

   We review a trial court's decision on the admissibility of evidence as intrinsic for an abuse of discretion and we accept the trial court's factual findings when making those decisions unless they are clearly erroneous. *State v. Harris*, 316 Ga. 272, 277 (2023). See *Reed v. State*, 291 Ga. 10, 13 (2012). Even when "a trial court's ultimate ruling is subject to only an abuse of discretion review, the deference owed the trial court's ruling is diminished when the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree." *State v.*

3

*Williams*, 316 Ga. 249, 254 (2023) (citation and punctuation omitted).

"Evidence is admissible as intrinsic evidence when it is (1) an uncharged offense arising from the same transaction or series of transactions as the charged offense; (2) necessary to complete the story of the crime; or (3) inextricably intertwined with the evidence regarding the charged offense." *Williams v. State*, 302 Ga. 474, 485 (2017) (cleaned up). "[E]vidence pertaining to the chain of events explaining the context, motive, and set-up of the crime is properly admitted if it is linked in time and circumstances with the charged crime or forms an integral and natural part of an account of the crime or is necessary to complete the story of the crime for the jury." Id. (punctuation and citation omitted). "[W]hen we consider what evidence is necessary for the State to complete the story of the crime, 'necessary' is not used in a strictly literal sense, but rather, refers to what evidence is reasonably necessary for the State to complete the story of the crime." *Harris v. State*, 310 Ga. 372, 379 (2020). "[I]ntrinsic evidence remains admissible even if it incidentally places the defendant's character at issue." *Heade v. State,* 312 Ga. 19, 25 (2021) (citation and punctuation omitted).

(a) First, the trial court abused its discretion when it found that evidence of Brantley's sexual assault of Crawford five days before her death and Crawford's report of that sexual assault to authorities provided no evidence of the motive for Crawford's alleged murder. Given the evidence presented, the sexual assault evidence was relevant to the motivation for Crawford's killing.

"Sometimes motive evidence is closely linked to the charged crimes in time and circumstances and constitutes intrinsic evidence." *Harris v. State*, 314 Ga. 238, 266 (2022). The State proffered that the alleged sexual assault occurred only five days

4

before Crawford's killing and that Crawford was the only witness to the alleged sexual assault. Thus, the killing of Crawford eliminated the only witness to the alleged sexual assault. Moreover, Crawford reported the sexual assault to authorities, and the State's proffer was that Brantley was hiding from those authorities when Crawford decided to confront him about the incident. This is evidence from which a juror would be entitled to make a reasonable inference of motive, and the trial court's exclusion of it was an abuse of discretion. See *Worthen v. State*, 304 Ga. 862, 867 (2019) ("Jurors are normally entitled to make reasonable inferences from circumstantial evidence regarding all sorts of facts, including the facts necessary to find defendants guilty beyond a reasonable doubt of capital crimes."). See also *Heade*, 312 Ga. at 26 (evidence that appellant murdered another man eight days before he murdered the victim was admissible as intrinsic evidence of appellant's motive for shooting the victim because "killing [the victim] after the car crash would delay the police response to the crash and eliminate the only witness").

(b) Second, the sexual assault evidence was admissible as intrinsic evidence because it was both necessary to complete the story of the alleged crimes for the jury and inextricably intertwined with the evidence regarding the charged offenses.

The State proffered that Jones told officers she could not remember what the fight that led to Crawford's death was about but that she thought it was about the "whole situation," which the jury would be authorized to conclude referred to Crawford's allegations and reporting of the alleged sexual assault days earlier. See *Worthen*, 304 Ga. at 867. Whether or not Brantley sexually assaulted Crawford, the fact that they had engaged in sexual activity and Crawford reported it as sexual assault just a few days before Crawford's death formed an "integral and natural part" of

5

the account of the subsequent argument and alleged murder and was necessary to complete the story to the jury, as this evidence could explain why Crawford and Jones got into the fight that immediately preceded Crawford's death and provided insight as to the motive for Crawford's killing. The trial court's conclusion that this evidence was not intrinsic therefore constituted an abuse of discretion. See, e.g., *Williams*, 302 Ga. at 486 (evidence of defendant's HIV status and sexual assault of the victim's sister three days prior to the victim's murder was necessary to complete the story for the jury because it helped explain why the victim was at the defendant's home on the night of the murder); *Heade*, 312 Ga. at 25 (evidence of defendant's prior assault of his codefendant was reasonably necessary to complete the story as it explained why the codefendant was scared of the defendant and why she had a cast on her leg that defendant tried to remove to evade detection from authorities).

3. Finally, the trial court abused its discretion in excluding the sexual assault evidence under OCGA § 24-4-403 ("Rule 403").

We review a trial court's decision to exclude evidence under Rule 403 for an abuse of discretion. *State v. Burns*, 306 Ga. 117, 126 (2019). Under Rule 403, "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." "[T]he exclusion of evidence under Rule 403 is an extraordinary remedy which should be used only sparingly." *Burns*, 306 Ga. at 126 (cleaned up). "The major function of Rule 403 is to exclude matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." Id. (cleaned up). "In close cases, balancing under Rule 403 should be in favor of admissibility of the evidence." *Biggs v. State*, 323 Ga. 546, 551 (2026) (cleaned up).

6

Probative value depends in part on the "marginal worth of the evidence," meaning "how much it adds … to the other proof available to establish the fact for which it is offered." *Olds v. State*, 299 Ga. 65, 75–76 (2016). Probative value also "depends … upon the need for the evidence." Id. at 76. "When the fact for which the evidence is offered is undisputed or not reasonably susceptible of dispute, the less the probative value of the evidence." Id. When assessing unfair prejudice, "the primary concern is that a jury will decide a case on an improper basis, commonly, though not necessarily, an emotional one." *Burns*, 306 Ga. at 126 (cleaned up).

Here, the sexual assault evidence was highly probative. As explained above, this evidence was necessary to explain the fight that led to Crawford's death and was inextricably intertwined with the evidence underlying the crimes in the indictment, as it occurred only five days prior to Crawford's death and provided a motive for that alleged murder. Further, the State had a strong need for the admission of this evidence, as it provided the only explanation of motive and the reason for the fight that led to the alleged murder. And though the sexual assault evidence was prejudicial, it was not unfairly so given that the likelihood it would cause a jury to decide the case on an improper basis was low. See *Baker v. State*, 318 Ga. 431, 441-42 (2024) (evidence may be unfairly prejudicial under Rule 403 if offered to prove "a criminal defendant's bad character or his propensity for violence"). Under these facts, the trial court abused its discretion by finding that the danger of unfair prejudice to Brantley substantially outweighed the probative value of the evidence. *Middlebrooks v. State*, 310 Ga. 748, 751 (2021) ("[A]ll inculpatory evidence is inherently prejudicial; it is only when unfair prejudice substantially outweighs probative value that the rule permits exclusion." (cleaned up)). See *Biggs*, 323 Ga. at 555 (holding that the trial court abused its discretion in excluding evidence of the victim's

prior violent act against the defendant under Rule 403 "[g]iven the significant probative value of the evidence … and the minimal risk of unfair prejudice"); *Burns*, 306 Ga. at 126 (affirming the Court of Appeals's reversal of a trial court's exclusion of evidence under Rule 403 where the trial court abused its discretion in excluding the evidence).[3]

*Judgment reversed. All the Justices concur, except Peterson, C.J., disqualified.*

---

[3] Our ruling is limited to the trial court's blanket exclusion of the sexual assault evidence as not intrinsic and violative of Rule 403. If there are other objections that Brantley wishes to assert with respect to specific items of evidence proffered by the State, he may assert those objections on remand. We take no position on the merits of any such objections.